◾ THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK ANTHONY CIAVARELLI, Appellant, v. ROSS E. HEROLD, as Director of Dannemora State Hospital, Respondent.— HERLIHY, J. P. Appeal by the relator from a judgment of the Supreme Court at Special Term, entered May 31, 1968, which denied a writ of habeas corpus without a hearing. Special Term dismissed the petition "without prejudice to a renewal of this motion if and when the petitioner is certified as sane". (Citations omitted.) In the case of People v. Booth (17 N Y 2d 681, 682) the court denied a writ of error coram nobis until the petitioner's sanity was restored. It appears that the Booth case prevents

the granting of *coram nobis* relief to a prima facie insane prisoner. The present proceeding involves the constitutional right to a writ of habeas corpus. (N. Y. Const., art. I, § 4.) It has been held that the writ of habeas corpus "can be invoked to obtain a hearing to test the validity of a commitment in an institution for the criminally insane". (*People ex rel. Brown* v. *Johnston*, 9 N Y 2d 482, 485.) It does not appear that *People* v. *Booth* (*supra*) was intended to preclude hearings in habeas corpus proceedings brought by an allegedly or in fact insane person and, under the circumstances, it was error to require certification that the appellant was sane as a condition to a hearing. The writ was, however, properly denied without a hearing. The relator's petition alleges that his conviction was illegal because the foreman of the jury upon the recording of the guilty verdict stated: "We found the defendant guilty because he knew the other defendant!". This statement was unnecessary and gratuitous on the part of the foreman, but there is no justification for concluding on the present record that the jury proceeded upon an erroneous theory. The method of reporting the verdict did not affect any substantial rights of the defendant. (Code Crim. Pro., § 542; cf. *People* v. *Darling*, 8 A D 2d 641.) The petition fails to state sufficient facts upon which relief could be granted. We note that the Attorney-General in his brief alleges that the same issue was presented to the court in a prior petition and that a hearing was held. Judgment modified, on the law and the facts, by striking the words "if and when the petitioner is certified as sane" and, as so modified, affirmed, without costs. Herlihy, J. P., Reynolds, Aulisi, Cooke and Greenblott, JJ., concur in memorandum by Herlihy, J. P.